UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVENTIS PHARMA DEUTSCHLAND GMBH and KING PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COBALT PHARMACEUTICALS, INC., <br><br> Defendants. | CIVIL ACTION NO. 03-10492-JLT |

## AFFIDAVIT OF JAMES R. DeGIACOMO

I, James R. DeGiacomo, do hereby on oath depose and state as follows:

1. I am a graduate of Boston College (1952) and Georgetown University Law Center (1956), and am currently a partner at Murtha Cullina LLP in Boston, Massachusetts. I joined the firm of Roche & Leen in 1963. The firm was later Roche, Carens & DeGiacomo until 2000, when the firm merged with Murtha Cullina LLP. Throughout my career I have worked on a broad range of litigation matters, including business litigation and legal malpractice cases.

2. I am a member and former Vice President of the Massachusetts Bar Association. Other positions I have held include the following: President and member of Massachusetts Continuing Legal Education, Inc. ("MCLE"), Fellow of the

5. I have reviewed the following materials filed in the above-captioned matter by Aventis Deutschland GmbH v. Cobalt Pharmaceuticals case:

    a. Complaint;

    b. Answer;

    c. Aventis Pharma Deutschland GmbH's Corporate Disclosure Statement;

    d. Motion of Aventis Pharma Deutschland GmbH to Disqualify Gray Cary Ware & Freidenrich, LLP;

    e. Memorandum of Law of Aventis Pharma Deutschland GmbH in Support of its Motion of Aventis Pharma Deutschland GmbH to Disqualify Gray Cary Ware & Freidenrich, LLP;

    f. Declaration of Gerald V. Dahling;

    g. Declaration of Susan Manardo;

    h. Declaration of Ross J. Oehler;

    i. Declaration of Sapna Walter; and

    j. Declaration of Tanja Stephanie Weber

6. I have also reviewed pleadings to be filed in this matter by Cobalt Pharmaceuticals, Inc., including the following:

    a. Defendant Cobalt Pharmaceuticals, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Disqualify Gray Cary Ware & Freidenrich LLP

b. Declaration of Ian Jacobson;

c. Declaration of Joann Rezzo; and

d. Declaration of Dean Nakamura.

7. In my professional opinion, Gray Cary should not be disqualified from representing Cobalt Pharmaceuticals, Inc. in this litigation. There is no direct conflict between Gray Cary's representation of Aventis Pharmaceuticals, Inc. (Aventis U.S.) in patent applications and as local counsel in unrelated antitrust litigation in San Diego, on the one hand, and Gray Cary's representation of Cobalt in this action filed against it by Aventis Deutschland GmbH and King Pharmaceuticals, Inc. The governing rule is Rule 1.7 of the Rules of Professional Conduct of the Supreme Judicial Court. I am familiar with these rules. Rule 1.7 requires that before there can be disqualification, a lawyer's representation of one client must be "directly adverse" to the lawyer's representation of another client of the lawyer. In this case, Gray Cary's representation of Cobalt is not "directly adverse" to its representation of Aventis U.S. in patent matters and the unrelated antitrust litigation in San Diego for the following reasons. First, Aventis U.S. is not a party in the Cobalt litigation. Second, any economic impact on Aventis U.S. is indirect and speculative. Third, in handling the patent matters and the unrelated antitrust litigation local counsel assignment, Gray Cary's lawyers are not dealing with the lawyers at Aventis

4

U.S. who are involved in the handling of the <u>Aventis Deutschland GmbH v. Cobalt</u> litigation. The conflict rules are designed to insure that lawyers will safeguard the confidences of their clients and to insure that a lawyer retains his undivided loyalty to his clients. Those principles are not threatened by Gray Cary's representation of Cobalt in this case. Based on the facts in this case it is my opinion that Aventis U.S. is not the alter ego of Aventis Germany. They are separate entities whose operations and control are independent of each other.

8. In addition to the above-stated materials, I have studied the July 1, 2003, memo written by Brian Forbes regarding the ethical screening measures undertaken by Gray Cary. In my opinion, although there is no direct conflict of interest in Gray Cary's representation of Cobalt Pharmaceuticals, Inc., assuming that the lawyers at Gray Cary comply with the Forbes memo and act in good faith (which Aventis Germany has not challenged), the ethical screen is adequate to insure that any confidences of Aventis U.S. which are now or hereafter in the hands of lawyers at Gray Cary will not be used to the detriment of Aventis Germany (or, indirectly, Aventis U.S.) in the Cobalt litigation. The ethical screen provides further protection to Aventis Germany and Aventis U.S.

Signed under the penalties of perjury this 14th day of August, 2003.

_____
JAMES R. DeGIACOMO

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party ~~by mail~~/by hand. or overnight

Date: 8.15.2003  Alan D. Rose

6