UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



AVENTIS PHARMA DEUTSCHLAND GMBH
and KING PHARMACEUTICALS, INC.,

Plaintiffs,

v.

COBALT PHARMACEUTICALS, INC.,

Defendants.

CIVIL ACTION NO.
03-10492-JLT

## AFFIDAVIT OF GAEL MAHONY

I, Gael Mahony, do hereby on oath depose and state as follows:

1.      I am a graduate of Yale University (1949) and Harvard Law School (1952), and am currently a partner in the Boston office of Holland & Knight LLP, a national firm with 1250 lawyers.  I was an Assistant U.S. Attorney from 1955-1957. From 1963-1965, I was Special Assistant Attorney General for the Commonwealth of Massachusetts.  From 1960 until 2002 I was a partner at Hill & Barlow in Boston, where I worked on a broad range of litigation matters, particularly complex business litigation.

2.      I am a member and past President of the American College of Trial Lawyers.  Other positions I have held include the following:  member of the Standing Committee on the Rules of Practice and Procedure of the United States Judicial Conference, Chairman of the Advisory Committee of the First Circuit Court of Appeals, member of the Massachusetts Commission on Judicial Conduct, and

Chairman of the Federal Magistrates Selection Committee for the District of Massachusetts.

3.      I am familiar with the ethical rules that govern the practice of lawyers in the Commonwealth of Massachusetts. In 1999-2000, I served as counsel to the judges of the United States District Court for the District of Massachusetts in litigation brought against them by the United States Attorney for the District of Massachusetts challenging the adoption by the District Judges of a local rule concerning the issuance of grand jury subpoenas on defense counsel in criminal cases. The litigation, *Stern v. Supreme Judicial Court for the Commonwealth of Massachusetts, et al.*, 184 F.R.D. 10 (D. Mass. 1999), rev'd, 214 F.3d 4 (1st Cir. 2000), raised important issues regarding the interpretation of the Massachusetts ethical rules. In other aspects of my practice for the last fifty years, I have occasionally represented law firms in matters involving dissolution or legal malpractice claims.

4.      I have reviewed the following materials filed in the above-captioned matter by Aventis Pharma Deutschland GmbH:

          a.      Motion of Aventis Pharma Deutschland GmbH to Disqualify Gray Cary Ware & Freidenrich LLP;

          b.      Memorandum of Law of Aventis Pharma Deutschland GmbH in Support of its Motion to Disqualify Gray Cary Ware & Freidenrich LLP;

          c.      Declaration of Gerald V. Dahling;

          d.      Declaration of Susan Manardo;

      e.      Declaration of Ross J. Oehler;

      f.      Declaration of Sapna Walter; and

      g.      Declaration of Tanja Stephanie Weber.

5.      I have also reviewed:

      a.      Defendant Cobalt Pharmaceuticals, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Disqualify Gray Cary Ware & Freidenrich, LLP;

      b.      Declaration of Ian Jacobson;

      c.      Declaration of Dean Nakamura; and

      d.      Declaration of Joann F. Rezzo.

6.      Other materials I have reviewed include the Complaint and Answer in this litigation, Aventis Pharma Deutschland GmbH's Corporate Disclosure Statement, and correspondence between counsel for Aventis Pharma Deutschland GmbH and Cobalt Pharmaceuticals, Inc. regarding the claim of conflict of interest.

7.      In addition to the above materials, I have studied the July 1, 2003, memo written by Brian Forbes, who I understand is the General Counsel of Gray Cary, regarding screening measures undertaken by Gray Cary in light of the firm's representation of Cobalt in this litigation and its representation of Aventis Pharmaceuticals US in certain unrelated patent matters and Gray Cary's local counsel representation of Aventis Pharmaceuticals, Inc. in unrelated antitrust litigation.

8.      I have been asked for my professional opinion as to whether the measures described in Mr. Forbes' screening memo would be adequate to prevent

confidential information learned by lawyers at Gray Cary handling unrelated matters for Aventis Pharmaceuticals, Inc. from being used to the detriment of either Aventis Pharmaceuticals, Inc. or Aventis Pharma Deutschland GmbH. On the assumption that the attorneys and staff of Gray Cary act in good faith and at all times in accordance with the directives set forth in the screening memo, it is my professional opinion that these measures will be adequate to prevent such detrimental use. As grounds for my opinion, I rely on the fact that I am familiar with screening measures instituted by the firms in which I have practiced. Gray Cary has taken the necessary steps to alert all personnel of the need for these measures, to prevent unauthorized discussion of the matters in issue, and to prevent the unauthorized dissemination of material relating to the matters in issue. I also rely on the fact that this litigation and the matters being handled by Gray Cary for Aventis Pharmaceuticals, Inc. are unrelated.

9.      In formulating my opinion on the adequacy of the ethical wall created by Gray Cary, I have consulted with Gilda Tuoni Russell, who is the deputy loss prevention partner of Holland & Knight, LLP. Ms. Russell is the author of *Massachusetts Professional Responsibility, 2nd Edition* (Lexis Law Publishing, 2003); *Massachusetts Attorney Conduct Manual* (Butterworth 1992); and Coauthor of *Ethical Lawyering in Massachusetts* (MCLE) (Updated annually).

10.     I have read the affidavit of James DeGiacomo on the question whether Gray Cary's representation of Cobalt Pharmaceuticals, Inc. violates Rule 1.7 of the Rules of Professional Conduct. I know Mr. DeGiacomo's personally and by

reputation to be one of the foremost experts in Massachusetts on questions of ethical conduct by lawyers.

Signed under the penalties of perjury this day of 14th day of August, 2003.

_Gael Mahony_
Gael Mahony

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand. ~~wheneut~~

Date: 8.15.2003 _Alan D. Rose_

- 5 -