UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AVENTIS PHARMA DEUTSCHLAND GMBH and KING PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COBALT PHARMACEUTICALS, INC., <br><br> Defendant. | Civil Action No. 03-10492JLT |

## REPLY OF AVENTIS PHARMA DEUTSCHLAND GMBH IN SUPPORT OF ITS MOTION TO DISQUALIFY GRAY CARY WARE & FREIDENRICH LLP

Nothing in defendant's opposition to plaintiff's motion to disqualify Gray Cary Ware & Freidenrich LLP ("Gray Cary") alters the inescapable conclusion that Gray Cary has violated the Rules of Professional Conduct by concurrently representing clients who are adverse to one another. No facts or arguments presented in the opposition counter the fact that Gray Cary has violated this well-established ethical principle by taking on the representation of Cobalt Pharmaceuticals, Inc. ("Cobalt"), which is "directly adverse" to its current client Aventis Pharmaceuticals, Inc. ("Aventis Pharmaceuticals"). For the reasons set forth below, and in Aventis Pharma Deutschland GmbH's ("Aventis Deutschland") moving memorandum ("Plf. Mem."), the Court should grant this motion to disqualify Gray Cary and revoke the *pro hac vice* admission of Steven A. Maddox:

1. Contrary to defendant's assertion, (*see* Defendant's Memorandum in Opposition ("Def. Mem.") at 2, 8-9), there is nothing in the Massachusetts Rules of Professional Conduct or

the official comments which limits "directly adverse" representation to representation of opposing parties in litigation. Gray Cary's reliance on the statement in Comment [7] that Rule 1.7(a) "prohibits representation of opposing parties in litigation" is misplaced. That statement is not meant to limit the scope of "directly adverse" representation to parties in litigation. Indeed, Comment [8] of Rule 1.7, under the heading "Conflicts in Litigation," makes clear that a representation adverse to a client's corporate affiliate is rarely permitted without the client's consent. Plf. Mem. at 11-12.

2. The defendant is wrong in arguing that Aventis Pharmaceuticals and Aventis Deutschland must be alter egos to create direct adversity with Gray Cary's concurrent representation of Cobalt. Def. Mem. at 6-8. *See Teradyne, Inc. v. Hewlett-Packard Co.*, 1991 WL 239940, at * 4-5 (N.D. Cal. June 6, 1991) (corporate affiliates, not alter egos of one another, treated as a single client for the limited purpose of determining conflict under Rule 1.7(a)); *Colorpix Sys. of Amer. v. Broan Mfg. Co.*, 131 F.Supp.2d 331, 336-337 & n.1 (D. Conn. 2001)(corporate parent, not an alter ego of its subsidiary, treated as a "vicarious client" of subsidiary's counsel under either Rule 1.9 or Rule 1.7). Control and supervision of the legal affairs, especially in the matter at issue, of one entity by the other are sufficient to create direct adversity. *Teradyne*, 1991 WL 239960, at * 5; *Colorpix*, 131 F. Supp.2d at 337. Here, Gray Cary's concurrent representation of Cobalt is directly adverse to its client Aventis Pharmaceuticals, as evidenced by Aventis Pharmaceuticals' control and supervision of Aventis Deutschland's conduct in this litigation and its payment of the legal fees incurred.

3. The defendant does not dispute that Aventis Pharmaceuticals and Aventis Deutschland are both subsidiaries of the same parent company, Aventis S.A., which has an integrated legal organization for its subsidiaries. *See* Def. Mem. at 7, 16-17. As the defendant's

own chart shows, Dirk Oldenberg, Executive Vice President and General Counsel of Aventis S.A., oversees and supervises the entire legal organization. Therefore, the defendant's attempt to create separate and distinct legal departments for different Aventis entities is without merit and contradicted by its own exhibit.

4. Aventis Pharmaceuticals' interest in this litigation is direct and substantial, not "uncertain, derivative or indirect." Def. Mem. 10-12. (1) Aventis Pharmaceuticals controls and supervises the conduct of Aventis Deutschland in the litigation and pays the legal fees incurred. (2) Court papers submitted by Aventis Deutschland in this case have been signed by the Senior Vice President Global Patents of Aventis Pharmaceuticals on behalf of Aventis Deutschland. (3) Defendant seeks to sell an infringing generic pharmaceutical product to compete against a product sold in the United States by co-plaintiff King Pharmaceuticals, Inc. ("King") pursuant to a license agreement with Aventis Deutschland *and Aventis Pharmaceuticals*, under which Aventis Deutschland and *Aventis Pharmaceuticals* together have rights to prosecute, control and settle this litigation, as well as a right to share any damages awarded. (4) Pursuant to a separate manufacturing agreement between King and Aventis Pharmaceuticals, King pays Aventis Pharmaceuticals to make the finished product involved in this litigation.[1] (5) Defendant itself has treated Aventis Pharmaceuticals as an adverse party by soliciting discovery from it. Plf. Mem. at 6-7.

5. Gray Cary has breached the duty of undivided loyalty it owes to its client Aventis Pharmaceuticals by taking on the representation of Cobalt, which is directly adverse to Aventis Pharmaceuticals. The cornerstone of Rule 1.7 is the duty of loyalty that the attorney must give to

---

[1] To assist the Court in its determination of this motion, Aventis Deutschland has moved on August 22, 2003 to impound these confidential agreements, as they contain proprietary business information.

3

each of his or her clients. "Loyalty is an essential element in the lawyer's relationship to a client." Mass. R. Prof. C., Cmt. [1]. *See also* Plf. Mem. at 9-10.

6. Upon welcoming Mr. Maddox into its firm, Gray Cary was obligated to run conflict checks on all of its clients. *See* Mass. R. Prof. C. 1.7, Cmt. [1] (requiring firms to adopt procedures for conflict checks in both litigation and non-litigation matters). Gray Cary knew of the Aventis conflict, chose to ignore it, and never even bothered to contact anyone at Aventis Pharmaceuticals to assess its involvement and interest in this case. At the least, Gray Cary should have sought Aventis Pharmaceuticals' consent, which it did not. Aventis Pharmaceuticals never waived this conflict.

7. Cobalt will not suffer any undue harm if this Court disqualifies Gray Cary. It is relatively early in the litigation. Further, Gray Cary has represented Cobalt for a minimal amount of time and has not yet done any substantial work. Steven A. Maddox and David Rosen brought this litigation with them to Gray Cary only on June 30, 2003.[2] Cobalt is already competently represented by its local counsel and will be able to retain equally competent counsel if it chooses to do so.

8. Any ethical screen set up by Gray Cary cannot resolve a conflict created by its *concurrent* representation of adverse clients because Mass. R. Prof. C. 1.10 contemplates screening only with regard to former clients. Plf. Mem. at 13-16. Moreover, the screen established by Gray Cary violates the requirement of Mass. R. Prof. C. 1.10(e)(4) that the (former) client receives notice and an affidavit from the personally disqualified lawyer and firm describing the screening procedures. Gray Cary never provided this notice and could not

---

[2] Although Mr. Maddox and Mr. Rosen have done work for Cobalt for a longer period, they created this conflict problem by moving to a firm that is currently representing a client who is directly adverse to Cobalt.

4

unilaterally institute the screen after it had already accepted the engagement and expect it to be effectual.

9. Defendant falsely suggests that Aventis Deutschland's motivation for filing this motion is "to disrupt and delay Cobalt's defense of the case on the merits." Def. Mem. at 1. That is simply not true. Cobalt's defense of the case on the merits was neither disrupted nor delayed until Mr. Maddox and Gray Cary violated the Rules of Professional Conduct by taking on concurrent representations that are directly adverse to one another, resulting in the inconvenience to the parties and to the Court.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the original motion papers, plaintiff Aventis Deutschland respectfully submits that the Court should disqualify Gray Cary from representing Cobalt in this case and revoke the *pro hac vice* admission of Steven A. Maddox.

Respectfully submitted,

*[signature]*

Wm. Shaw McDermott (BBO# 330860)
Arnold R. Rosenfeld (BBO# 428860)
Wendy A. Berliner (BBO# 639853)
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA 02109
Tel. (617) 261-3100
Fax. (617) 261-3175

Joel Katcoff
Benjamin C. Hsing
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel. (212) 836-8000
Fax. (212) 836-8689

Dated: August 25, 2003

*Attorneys for Plaintiff*
*Aventis Pharma Deutschland GmbH*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2003, I caused true and correct copies of the foregoing to be served by hand or via overnight courier on the following counsels:

Steven A. Maddox, Esq.
Gray Cary Ware & Freidenrich LLP
1625 Massachusetts Avenue, NW, Suite 300
Washington, DC 20036-2247
Tel. (202) 238-7700
Fax (202) 238-7701

Alan D. Rose, Esq.
Michael L. Chinitz, Esq.
Rose & Associates
29 Commonwealth Avenue
Boston, MA 02116
Tel. (617) 536-0040
Fax (617) 536-4400

Robert J. Muldoon, Jr., Esq.
Margaret H. Paget, Esq.
Sherin and Lodgen LLP
100 Summer Street
Boston, MA 02110
Tel. (617) 646-2000
Fax (617) 646-2222

F. Dominic Cerrito, Esq.
Brian M. Poissant, Esq.
John J. Normile, Esq.
Pennie & Edmonds LLP
1155 Avenue of the Americas
New York, NY 10036
Tel. (212) 790-9090
Fax (212) 869-9741

*Wm. Shaw McDermott*
Wm. Shaw McDermott